FALCÓN ET AL., PLAINTIFFS AND APPELLANTS, *v.* HEIRS OF IGNACIO, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for the Annulment of Sales, Etc.

No. 3325.—Decided February 4, 1925.

APPEAL—NOTICE OF APPEAL.—When in an action for the annulment of contracts for fraud the mortgagee of one of the properties and his assignee are made

defendants and they are not charged with fraud, notice of appeal from a judgment dismissing the complaint as to the mortgagee and his assignee need not be given to the other defendants.

DEFECTS IN MORTGAGOR'S TITLE—DEFECTS WHICH APPEAR FROM THE REGISTRY— PLEADING.—An allegation that the irregularities and simulations made by the defendants, who combined to defraud the plaintiffs of their hereditary interests in a certain property, were publicly known, is not a sufficient averment of the knowledge necessary to preclude the mortgagee and his assignee, included as defendants, from invoking their condition of third persons; nor is the averment, made as a conclusion, that the invalidating defects appeared from the registry.

The facts are stated in the opinion.

Mr. J. C. Rivera for the appellants.

Mr. J. Sabater for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was brought for the annulment of certain contracts and the recovery of rents. It is alleged that Francisca Isasa died in 1915 leaving as heirs her children Ignacio Seín and Rafael Buet and her grandchildren Juan, Monserrate and María, children of her son Juan, who was married to plaintiff Gumersinda Falcón; that at the time of her death Isasa was the owner of five rural properties of which the heirs Ignacio Seín and Rafael Buet took possession, the grandchildren being minors and absent from Porto Rico; that for the purpose of defrauding the grandchildren of their interests several simulated contracts were made and finally the taxes, amounting to $78.16, were left unpaid and for that sum all of the properties, worth thousands of dollars, were sold to Francisco del Moral in combination with the said Seín and Buet; that dominion title proceedings were instituted and all of the properties were consolidated, whereupon Del Moral simulatedly sold one part to Ignacio Seín and another part to Rafael Buet, and that thereafter Ignacio Seín mortgaged the portion so acquired to Oliva Cintrón, who assigned the mortgage to Hiram Gómez.

Oliva Cintrón and Hiram Gómez, defendants in the ac-

tion together with Ignacio Seín, Rafael Buet, Francisco del Moral and others, interposed a demurrer on the ground of lack of facts sufficient to constitute a cause of action as to them. The parties were heard, the court sustained the demurrer and ordered that judgment be entered dismissing the complaint as to said defendants Cintrón and Gómez, imposing the costs upon the plaintiffs, who then took the present appeal and assigned in their brief that the court erred (1) in holding that the complaint did not state facts sufficient to constitute a cause of action, (2) in considering defendants Oliva Cintrón and Hiram Gómez as third persons and (3) in not granting the plaintiffs permission to amend the complaint.

Before passing upon the errors assigned it is necessary to decide a preliminary question raised by the appellees.

The said appellees, Cintrón and Gómez, maintain that the appeal should be dismissed because notice of it was not given to all of the interested parties. In fact notice was given only to Oliva Cintrón and Hiram Gómez and not to the other defendants in the suit. Were the other defendants really interested in the appeal? Let us see.

Defendants Cintrón and Gómez are not charged with having participated in the fraud because of which it is sought to annul the acts and contracts to which the complaint refers. They are charged with knowledge of such fraud. Would the other defendants gain or lose by the reversal or affirmance of the judgment?

Judgment was rendered on the pleadings. Defendants Cintrón and Gómez acted independently. The judgment in fact concerns only the plaintiffs and defendants Cintrón and Gómez, and not the other defendants. If the annulments prayed for were decreed and the judgment appealed from should stand, the mortgage in favor of Cintrón and Gómez would be good. If the judgment should be reversed, the question of the validity of the mortgage would be open again in the court below. Therefore, the position of the

mortgagee would change, but not that of the mortgagor, who is bound to pay in any case whatever be the decision in the case as to him.

In the case of *Ninlliat* v. *Suriñach et al.,* 25 P.R.R. 509, the following was held:

"It being alleged in the complaint in this case that the predecessor in title of the defendants who were not notified of the appeal sold to the plaintiff the property which the other defendants, now appellants, later levied on and sold as if it were the property of the said predecessor in title, the judgment which may be rendered in this appeal in no way affects the heirs of the latter because if judgment is rendered reversing the judgment which rescinded the sale made to the appellants, the property would remain in their possession and the former defendants would lose nothing by the reversal of the judgment which gave them nothing nor took anything from them, therefore they are not adverse parties to the appeal."

And the doctrine that the expression "adverse party" for the purpose of the service of notice of the appeal, used in section 296 of the Code of Civil Procedure, does not refer to all of the defendants, but only to those who may be affected by the reversal or modification of the judgment appealed from, is laid down in numerous decisions of this court, among them in the cases of *Buonomo* v. *Succession of Juncos,* 27 P.R.R. 254; *Collazo* v. *Rivera,* 26 P.R.R. 83; *Martínez* v. *Succession of Laurido et al.,* 21 P.R.R. 29, and *Candelas* v. *Ramírez,* 20 P.R.R. 31.

Such being the case, we are of the opinion that notice of the appeal to defendants Cintrón and Gómez was a sufficient compliance with the statute and, therefore, that the appeal should not be dismissed.

Let us now see whether or not the complaint states a good cause of action as to defendants Cintrón and Gómez. The pertinent paragraph thereof reads as follows:

"That notwithstanding the fact that the irregularities and simulations practiced by Ignacio Seín e Isasa and Rafael Bouet e Isasa to deprive the plaintiffs of their hereditary rights were and are a

matter of public knowledge, and notwithstanding the fact that the registry of property shows the defects in the purchase titles of Francisco del Moral and of the brothers Seín and Bouet Isasa, yet by a deed number 129 executed in Mayagüez on August 8, 1918, before notary José Sabater the spouses Ignacio Seín and Angela Falcón created a mortgage for the sum of $2,500 in favor of Oliva Cintrón on the property of 64 acres described, that is, property number 1286, recorded in the registry of property, * * * and by deed number 124 * * * Oliva Cintrón assigned the said mortgage to Hiram Gómez for the sum of $2,000 * * * "

The appellants contend that as defendants Cintrón and Gómez are charged with knowledge of the fraud committed and it being alleged that the invalidating defects appear from the registry, the said defendants are not third persons, which would be the only case in which their mortgage could stand after the annulment of the title of their mortgagor.

If this knowledge were properly charged and it were properly alleged also that the invalidating defects appeared from the registry, we would agree with the appellants, for, as held by this court in *Ninlliat v. Suriñach et al.*, 24 P.R. R. 61, "a person who purchases a thing knowing that his vendor is not the owner thereof has not the character of a third person * * * " and this rule is applicable to a mortgagor, but the allegation that the irregularities and simulations were a matter of public knowledge is too broad and the averment that the invalidating defects appear from the registry is made as a conclusion and this is not sufficient.

The question now is whether the judge acted correctly when in sustaining the demurrer he ordered that judgment be entered dismissing the complaint as to defendants Cintrón and Gómez, and mulcting the plaintiffs in costs without giving them an opportunity to amend their pleading.

In our opinion the complaint may be amended and, therefore, justice requires that the plaintiffs be given such

an opportunity, and for that reason the judgment is reversed.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.